## FAIRFIELD *v.* FEAGLES.

*(Supreme Court, General Term, First Department.   March 13, 1891.)*

1. ACTION ON NOTE—FAILURE OF CONSIDERATION—INSTRUCTIONS.
   In an action on a note, where the sole defense was that it was given by defendant to his mother in lieu of her support, which by his father's will he was bound to provide, and in contemplation of her leaving his house, and that she having remained with him the consideration failed, the court charged that plaintiff was entitled to a verdict unless the note was given under the circumstances testified to by defendant. *Held,* that plaintiff could not have been prejudiced by the refusal of his request for a charge that the note was valid if given by defendant to induce his mother not to claim her third of her husband's estate.

2. SAME—EVIDENCE—DECLARATIONS OF MAKER.
   Plaintiff also requested a charge that if the jury found that defendant told plaintiff, after the note had been assigned to her, that the note was given so that their mother would not claim her third, then their verdict must be for plaintiff. *Held,* that it was properly refused, it being entirely immaterial what defendant told plaintiff in regard to the note, there being nothing to show that plaintiff parted with anything upon the strength of the statement.

Appeal from circuit court, New York county.

Action by Mary G. Fairfield against John H. Feagles.   There was a verdict for defendant, and from the judgment entered thereon plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*S. E. Fairfield,* for appellant.   *Davis & Feagles,* for respondent.

VAN BRUNT, P. J.   This action was brought to recover upon a promissory note made by the defendant to his mother, Mrs. Polly Feagles, whereby, one year from date, he promised to pay to her $412, with interest, which note was duly assigned and transferred by Mrs. Feagles to her daughter Mary C. Feagles, now Mary C. Fairfield, the plaintiff.   It appeared from the evidence in the case that the father of the plaintiff and defendant, Reuben D. Feagles, left a will, in which he bequeathed to the defendant in fee a certain farm, and imposed a charge thereon, either to support the wife of the testator, or to pay to her a sum of $200 annually.   The testator made certain other provisions for his wife, and provided that the said gifts and bequests should be in lieu of dower.   It was claimed upon the part of the plaintiff that the note in question was given by the defendant in order to induce his mother to take the provision under the will, and not elect to take her dower; and the evidence offered to support this claim was that of the plaintiff herself, who testified that the defendant told her, soon after the note was transferred to her, that it was given so that the mother would not claim her third in his father's estate.   Upon the part of the defendant evidence was offered tending to show that the mother of the defendant having expressed an intention to leave his house, and to go and reside with her son David, made a demand for one or two years' support, and that the note was given for $412, so that it would, on her disposing of the note, realize $400, which would be two years' support prescribed by the will; that the mother, having changed her mind, remained with the defendant, and never went away, and told the defendant she had destroyed the note.   The principal witness to support this claim was the wife of the defendant.   The defendant went upon the stand, and contradicted the testimony of the plaintiff that he had ever made the statement testified to by her. The case was submitted to the jury by the court, with instructions that the making of the note being admitted, and the amount upon it due, the plaintiff was entitled to a verdict if the defendant produced no defense to the instrument; and, after setting forth the evidence to the jury, they were instructed that, if they found that the note was given under the facts and circumstances sworn to by the wife of the defendant, then the defendant would be entitled to their verdict.   The plaintiff requested the court to charge that if the jury found that John R. Feagles made and executed the note mentioned in the complaint,

and that the same was given to the mother of the plaintiff to induce her not to claim her third of her husband's estate, that is a good consideration, and the note is valid, and the defendant is liable; and, further, that, if the jury found that the defendant told the plaintiff that this note was given so that she would not claim her third, the note is valid, and their verdict must be for the plaintiff. These requests were refused, and the jury having returned a verdict in favor of the defendant from the judgment thereupon entered, and from the order denying a motion for new trial, this appeal is taken. It is clear that the proposition last above stated cannot be sustained, because it is entirely immaterial as to what the defendant told the plaintiff in regard to the note. If the fact was not so, the telling could form no consideration for the note, as there is no evidence that the plaintiff ever parted with anything upon the strength of any such declaration. The only question which needs consideration is the first request. It seems to us that, if the jury had found that the note was given by the defendant upon sufficient consideration, it would necessarily follow that the plaintiff must recover. It is true that the learned counsel for the respondent alleges that there were other questions for the jury, but he is studiously silent, and utterly fails to point them out. There was no question raised about the transfer of the note to the plaintiff, and the sole defense was that this note was given in lieu of support, and in contemplation of the mother leaving the defendant's house, and going to live with another son, and she having remained the consideration failed. But it seems to us this request was unnecessary, because the court had already charged that, unless the defendant substantiated his claim, the plaintiff must recover. The court had charged that the making of the note and the amount being admitted, the plaintiff was entitled to a verdict, unless the defendant produced a defense. And the sole defense he attempted to establish was the fact that it was made in lieu of support, and that because his mother remained with him this consideration failed. The jury must have found that such was the origin of the note; because the last words of the court which ended the charge were substantially that the plaintiff was entitled to recover, unless the note was given under the facts and circumstances sworn to by the defendant. Now, no plainer issue could have been presented to the jury, and they, having evidently believed the story of the defendant's wife, found a verdict in his favor. We do not think, under the circumstances, the court having alrea( y submitted the question, that, unless they believed the story of the defenu-ant's wife, a recovery could be had, was bound to repeat the same proposition in another form. We think, therefore, that the judgment and order appealed from should be affirmed, with costs.

DANIELS, J. I agree to affirm the judgment and order, for, as it is said in the opinion, the jury must have believed the note to have been given, as that was stated by the defendant's wife; and that excluded the possibility that the consideration for it was the widow's agreement or consent not to claim her dower in the land.

O'BRIEN, J. I concur in the result.